**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-CR-20820-BLOOM**

**UNITED STATES OF AMERICA**

**v.**

**KHALED ELBEBLAWY,**

                    **Defendant.**
_____/

**<u>INSTRUCTIONS TO THE JURY</u>**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial.   You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you

1

must follow all of my instructions as a whole.   You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt.   The law presumes every Defendant is innocent.   The Defendant does not have to prove his innocence or produce any evidence at all.   A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.   The Government must prove guilt beyond a reasonable doubt.   If it fails to do so, you must find the Defendant not guilty.


### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove the Defendant's guilt beyond all possible doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.   If you are convinced that the Defendant has been proven guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.   But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.   You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.   There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or

3

disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Testimony of Accomplice or Co-Defendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with certain co-defendants in exchange for their testimony.   Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than the co-defendant would normally face.   Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to or been found guilty of an offense is not evidence of the guilt of any other person.

## Identification Testimony

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies the Defendant as the person who committed the crime, you must decide whether the witness is telling the truth.   But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.   I suggest that you ask yourself such questions as:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**Note-Taking**

You have been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.   You must not give your notes priority over your independent recollection of the evidence.   And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Introduction to Offense Instructions**

The superseding indictment charges two separate crimes, called "counts." Each count has a number.   You will be given a copy of the superseding indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to commit wire fraud and health care fraud.

Count 2 charges that the Defendant knowingly and willfully conspired to pay health care kickbacks and to defraud the United States Department of Health and Human Services.

Note that Counts 1 and 2 charge the Defendant with conspiring to commit certain offenses.

I will give you specific instructions on conspiracy.

**Conspiracy to Commit Wire Fraud and Health Care Fraud (18 U.S.C. § 1349)**

Count 1 charges the Defendant with conspiracy to commit wire fraud and health care fraud.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud or health care fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.   In other words, it is a kind of partnership for criminal purposes.   Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1)     Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan, that is a plan to commit wire fraud or health care fraud, as charged in the indictment; and

(2)     The Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find that Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

In Count 1, the Defendant is charged with conspiring to commit wire fraud and health care fraud.   I will now define each of these substantive offenses.

Regarding wire fraud, it is a Federal crime to use interstate wire communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2)     The false pretenses, representations, or promises were about a material fact;

(3)      The Defendant acted with the intent to defraud; and

(4)      The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud.   A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.   A fact is "material" if it has the capacity or natural tendency to influence a person's decision.   It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.   It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire.   And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

To "cause" a wire communication to be used is to do an act knowing that the use of the wire will follow in the ordinary course of business or where that use can reasonably be expected to follow.

With respect to health care fraud, it is a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

    (1)    The Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program by means of false or fraudulent pretenses, representations, or promises;

    (2)    The false or fraudulent pretenses, representations, or promises related to a material fact;

    (3)    The Defendant acted willfully and intended to defraud; and

    (4)    The Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

10

Once again, the Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the alleged scheme actually succeeded in defrauding anyone.   What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

**Conspiracy to Pay Health Care Bribes and Kickbacks and to Defraud the United States**

Count 2 charges the Defendant with conspiracy to pay health care bribes and kickbacks and defraud the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   Two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is a plan to pay health care bribes and kickbacks or to defraud the U.S. Department of Health and Human Services;

(2)   The Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)   During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)   The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

Once again, the Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal

11

agreement.   The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find that Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

In Count 2, the Defendant is charged with conspiring to pay health care bribes and kickbacks and defraud the United States Department of Health and Human Services.   I will now define each of these offenses.

Regarding conspiring to defraud the United States, it's a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.   To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

With respect to paying health care bribes and kickbacks, the Defendant can be found guilty only if the following facts are proven beyond a reasonable doubt:

(1)     The Defendant paid or offered any remuneration (including any bribe or kickback), directly or indirectly, openly or secretly;

(2)     The Defendant paid or offered payment in return for referring an individual to a person for the furnishing or arranging for the

furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program which, in this case, is Medicare; and

(3)    The Defendant did so knowingly and willfully.

The Government need not prove that the only or primary purpose of the remuneration, kickback, or bribe that was received was for the referral of Medicare patients.   If the Government proves beyond a reasonable doubt that one of the purposes of making or offering the payment was in return for referring Medicare patients for home health services, then that is sufficient.

As used in these instructions, the term "remuneration" means the transfer of anything of value from one person or entity to another person or entity.   Remuneration includes money. Remuneration can be direct or indirect.

As used in these instructions, the term "bribe" means the corrupt transfer of anything of value from one person or entity to another person or entity usually to accomplish some unlawful result or to accomplish some lawful result by some unlawful means.

As used in these instructions the term "kickback" means the return of a portion of the original payment.

As used in these instructions, the term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

### Multiple Objects of a Conspiracy

In this case, regarding the alleged conspiracies, the indictment charges—in Count 1—that the Defendant conspired to commit wire fraud and to commit health care fraud.   In Count 2, the indictment charges that the Defendant conspired to pay health care bribes and kickbacks and to defraud the United States.

In other words, the Defendant is charged, in Counts 1 and 2, with conspiring to commit more than one substantive crime.

The Government does not have to prove that the Defendant willfully conspired to commit all the substantive crimes charged in each conspiracy.   It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit one of the crimes alleged in each conspiracy.

But to return a verdict of guilty, you must all agree on which of the crimes the Defendant conspired to commit.

### Civil/Regulatory Violations Not a Crime

You have heard evidence concerning the Defendant's alleged violations of various civil rules, including State statutes and Medicare regulations.  I hereby instruct you that evidence of those various violations does not necessarily mean that a crime has been committed, but that same evidence may or may not be relevant in determining the Defendant's state of mind, and whether the Defendant acted with criminal intent.

### Secondary-Evidence Summaries Admitted in Evidence

During the trial you have seen or heard summary evidence in the form of charts, testimony, and similar material.   Some of these summaries were admitted into evidence because it may assist

you in understanding the evidence that has been presented.   The summary, however, is only as valid and reliable as the underlying material it summarizes.

## On or About; Knowingly; Willfully - Generally

You will see that the indictment charges that a crime was committed "on or about" a certain date, or on an "approximate" date.   The Government does not have to prove that the crime occurred on an exact date.    The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.   While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

## Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. The defendant is not required to prove good faith.   The Government must prove intent to defraud beyond a reasonable doubt.

15

An honestly held opinion or an honestly formed belief cannot be fraudulent intent—even if the opinion or belief is mistaken.   Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent.

But an honest belief about the manner in which one conducts his professional responsibilities does not constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.


**Deliberate Ignorance as Proof of Knowledge**


If the Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed—unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if the Defendant believed criminal activity was afoot but deliberately avoided learning the specifics so he or she can deny knowledge of the criminal activity.

So you may find that the Defendant knew about the crime in question if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the crime, or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the Defendant knew about the crime.

16

**Caution: Punishment (Multiple Counts)**

Each count of the indictment charges a separate crime against the Defendant.   You must consider each crime and the evidence relating to it separately.   If you find the Defendant guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.   You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.   Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.   So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.   But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.   The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room.   When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.   Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.   The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.   But I caution you not to tell me how many jurors have voted one way or the other at that time.