UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20820-CR-BLOOM

UNITED STATES OF AMERICA

vs.

KHALED ELBEBLAWY,

      Defendant.

                                                /

## ORDER OF FORFEITURE

1.    THIS CAUSE is before the Court upon the United States of America's (the "United States") Motion for Entry of an Order of Forfeiture for a Money Judgment, ECF No. [130], pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.  The Court is fully advised, after considering the United States' Motion, the Defendant's Response, the United States' Reply, and the benefit of additional argument at the forfeiture hearing held on August 30, 2016. The Court finds as follows:

2.    On or about December 22, 2015, a federal grand jury returned a Superseding Indictment against Defendant Khaled Elbeblawy (the "Defendant"), charging him with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to defraud the United States and pay kickbacks, in violation of 18 U.S.C. § 371. The Superseding Indictment included a forfeiture allegation, which alleged that upon conviction of any charged violation and pursuant to 18 U.S.C. § 982(a)(7), the Defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation.  The Superseding

Indictment also alleged that the property subject to forfeiture includes, but is not limited to, the sum of at least $40 million in U.S. currency, which represents gross proceeds of the offenses alleged in the Superseding Indictment.

3. At trial, the United States presented Government Exhibits 1000, 1001, and 1002, which showed that the Medicare Program ("Medicare") paid a total of $40,445,507.65 in U.S. currency as a result of fraudulent claims submitted by three home health agencies owned and/or managed by the Defendant as part of the charged conspiracy in violation of 18 U.S.C. § 1349. Specifically, Medicare paid $29,114,494.65 in U.S. currency as a result of fraudulent claims submitted between January 2006 and February 2009 by Willsand Home Health Agency, Inc. ("Willsand"). In addition, Medicare paid $8,756,341 in U.S. currency as a result of fraudulent claims submitted between September 2007 and November 2009 by JEM Home Health Care, LLC ("JEM"). Finally, Government Exhibit 1002 showed that Medicare paid $2,574,672 in U.S. currency as a result of fraudulent claims submitted between October 2009 and May 2013 by Healthy Choice Home Health Services ("Healthy Choice").

4. The United States also introduced at trial the Defendant's executed Admitted Factual Basis for Guilty Plea, in which the Defendant admitted that he and his co-conspirators caused Willsand, JEM, and Healthy Choice to submit fraudulent claims to Medicare, and as a result, Medicare paid approximately $40 million in U.S. currency.

5. On or about January 13, 2016, Eulises Escalona, one of Defendant's co-conspirators, testified at trial that 90 percent of JEM and Willsand's patients were obtained through kickbacks. Accordingly, $36,400,957.00 of the $40,445,507.65 that Medicare paid out are traceable to the commission of the Defendant's conspiracy.

6. On or about January 21, 2016, the Defendant was convicted of all counts charged

in the Superseding Indictment.

  7. Based on the Defendant's conviction and the trial record, $36,400,957.00 in U.S. currency is the total amount of gross proceeds traceable to the commission of the Defendant's conspiracy in violation of 18 U.S.C. § 1349. It is

  ORDERED and ADJUDGED that

  1. The United States' Motion for Order of Forfeiture, ECF No. [130], is **GRANTED** in part.

  2. A forfeiture money judgment is hereby entered against Defendant Khaled Elbeblawy in the sum of $36,400,957.00 in U.S. currency, which sum represents the total amount of gross proceeds traceable to his conspiracy in violation of 18 U.S.C. § 1349, and thus, is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7);

  3. Defendant Khaled Elbeblawy's convicted co-conspirators will be jointly and severally liable for this forfeiture money judgment up to the amount of their respective forfeiture money judgments.  Specifically, Eulises Escalona shall be jointly and severally liable for up to $27,000,000, and Kansky Delisma shall be jointly and severally liable for up to $49,000.  *See* Order and Judgment of Forfeiture, *United States v. Escalona,* Case No. 12-20293-CR-JAL, Aug. 31, 2012, ECF No. 35; Order of Forfeiture, *United States v. Delisma*, Apr. 19, 2016, Case No. 16-20018-CR-MOORE.

  4. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required as the requested forfeiture consists of only a money judgment;

  5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Khaled Elbeblawy and shall be made part of the sentence of the Court and referenced in the judgment and commitment order issued in this case;

6. The United States is authorized, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of forfeitable property; and

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this 31st day of August, 2016.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Attorney of record

4