UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20820-BLOOM

UNITED STATES OF AMERICA

v.

KHALED ELBEBLAWY,

       Defendant.

**UNITED STATES' MOTION FOR AMENDED FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of an Amended Forfeiture Money Judgment against Defendant Khaled Elbeblawy (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $10,436,911.70 in U.S. currency. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 22, 2015, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 and, in Count 2, with conspiracy to defraud the United States and pay health care kickbacks in violation of 18 U.S.C. § 371. Superseding Indictment, ECF No. 59. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 371 or 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense,

pursuant to 18 U.S.C. § 982(a)(7).  *See id.* at Pg. 12.

On January 21, 2016, after a trial, a jury returned a verdict convicting the Defendant of Counts 1 and 2 of the Superseding Indictment.  *See* Trial Minute Entries, ECF No. 76-79, 81-82; Jury Verdict, ECF No. 90.

On April 7, 2016, the United States moved for entry of a forfeiture money judgment in the amount of $40,445.507.65.  United States' Motion for Order of Forfeiture And Memorandum of Law in Support Thereof, ECF No. 130.  On that same day, the Court entered an order granting the United States' motion.  ECF No. 131.  However, the order was vacated on April 15, 2016, based on Defendant's request for a forfeiture hearing.  *See* Notice Regarding Potential Length of Sentencing Hearing and Notice Concerning Forfeiture, ECF No. 132; April 15, 2016 Minute Entry, ECF No. 146; Paperless Order to Vacate, ECF No. 147.

On September 1, 2016, the Court issued an Order of Forfeiture, ECF No. 171, which entered a forfeiture money judgment against the Defendant in the amount of $36,400,957.00.

On September 12, 2016, the Defendant filed a notice of appeal, ECF No. 172.  On September 5, 2018, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed the Defendant's convictions but vacated the forfeiture order and remanded to this Court in order to address the impact of the Supreme Court's ruling in *Honeycutt v. United States* on the forfeiture.  *See United States v. Elbeblawy*, 899 F.3d 925, 942 (11th Cir. 2018), ECF No. 183; *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). The Eleventh Circuit held that the Defendant's remaining arguments regarding the insufficiency of the forfeiture failed.  *See id*.

On March 18, 2019, the Defendant's writ of certiorari to the Supreme Court of the United States was denied, ECF No. 184, and on September 30, 2019, this Court set this matter for resentencing regarding forfeiture on December 6, 2019.  Paperless Notice of Hearing as to Khaled

2

Elbeblawy Resentencing re: forfeiture set for 12/6/2019, ECF No. 186.

## II.     MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).  In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme.  *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients"); *United States v. Saoud*, 595 F. App'x 182, 193 (4th Cir. 2012) ("'[G]ross proceeds' is properly interpreted to include the total amount of money brought in through the fraudulent activity, with no costs deducted or set-offs applied.") (quoting *United States v. Poulin*, 461 F. App'x 272, 288 (4th Cir. 2012)).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence.  *See* 18 U.S.C. § 982.  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

3

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *Elbeblawy*, 899 F.3d 925 at 940-41. The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32(c)(1).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C. *United States v. Honeycutt*

In *Honeycutt*, the Supreme Court held that a defendant cannot be held jointly and severally liable for proceeds obtained by a coconspirator that the defendant herself did not acquire. *Honeycutt*, 137 S. Ct. at 1630. The *Honeycutt* Court gave an example of its reasoning involving a

4

farmer cultivating marijuana who makes $3,000,000 from the sale of marijuana and pays a college student $300 per month to sell the marijuana. *See id.* at Pg. 1631. The Court held that while the college student could not be held jointly and severally liable for the $3,000,000 because he never obtained the $3,000,000, the farmer could be held liable for the forfeiture of the entire $3,000,000, even though he paid some of that money to the college student, because he indirectly obtained the $3,000,000. *See id.* at Pg.1632-33.

Thus, under *Honeycutt*, the leader of a conspiracy can be held liable for proceeds indirectly obtained by those under the leader's control. *See United States v. Leyva*, 916 F.3d 14, 30-31 (D.C. Cir. 2019) (affirming entry of a $529.2 million money judgment for the leader of a drug-trafficking conspiracy because *Honeycutt* did not involve the leader of a conspiracy and thus does not stand for a proposition that the leader of a conspiracy does not obtain "directly or indirectly" the property acquired by the criminal organization); *United States v. Bergstein*, 2019 WL 4410240 , *2 (2d Cir. September 16, 2019) ("For the purposes of forfeiture under 18 U.S.C. § 981(a)(1)(C), 'acquired' property need not be personally or directly in the possession of the defendant as long as at some point, it had been under the defendant's control.") (internal citations omitted); *S.E.C. v. Metter*, 706 Fed. App'x 699, 702 n.2 (2d Cir. 2017) (finding that *Honeycutt* does not apply to a person with a controlling interest who determined how the proceeds of the offense were distributed).

Furthermore, a money judgment may be entered against defendants who jointly obtain proceeds of a conspiracy. *See United States v. Carlyle*, 2019 WL 2307959, *4-6 (11th Cir. 2019); United States v. Anthony*, 747 Fed. App'x 628, 628-29 (9th Cir. 2019); S.*E.C. v. Amerindo Investment Advisors, Inc.*, 2019 WL 3526590, *3 (S.D.N.Y. 2019) (holding that defendants were jointly and severally liable for proceeds obtained by the conspiracy because they acted jointly in committing the scheme and jointly obtained the proceeds of the scheme).

5

### D. Property Subject to Forfeiture in Instant Criminal Case

At trial, the United States presented evidence that Medicare paid a total of $40,445,507.65 in U.S. currency as a result of fraudulent claims submitted by three home health agencies owned and/or managed by the Defendant as part of the charged conspiracy in violation of 18 U.S.C. § 1349. *See* United States' Motion for Order of Forfeiture And Memorandum of Law in Support Thereof, ECF No. 130-1, Exhibit A (Composite); Gov't Exhibit List, Jan. 22, 2016, ECF No. 88 (GX 1 admitted on January 12, 2016, and GXs 1000-1002 admitted on January 19, 2016).

Specifically, Medicare paid $29,114,494.65 in U.S. currency as a result of fraudulent claims submitted between January 2006 and February 2009 by Willsand Home Health Agency, Inc. ("Willsand"). *See id.* (GX 1000). In addition, Medicare paid $8,756,341 in U.S. currency as a result of fraudulent claims submitted between September 2007 and November 2009 by JEM Home Health Care, LLC ("JEM"). *See id.* (GX 1001). Finally, Medicare paid $2,574,672 in U.S. currency as a result of fraudulent claims submitted between October 2009 and May 2013 by Healthy Choice Home Health Services ("Healthy Choice"). *See id.* (GX 1002).

This Court initially found $36,400,957.00 to be the amount of gross proceeds traceable to the offenses based on codefendant Eulises Escalona's ("Escalona") testimony that 90% of JEM and Willsand's patients were obtained through kickbacks. *See* Order of Forfeiture, ECF No. 171 at ¶5, Pg. 1. Accordingly, $36,400,957.00 of the $40,445,507.65 that Medicare paid out was traceable to the commission of the Defendant's offenses. *Id.*

Escalona further testified that the Defendant was not an owner of Willsand and did not have signature authority for the Willsand banks accounts. *See* Trial Tr., ECF No. 124 at Pg. 54. Ln. 12-19. However, the Defendant was paid a salary and other compensation of approximately $80,000 per year for the services he provided to Willsand. *See id.* at Pg. 82, Ln. 3-5. As shown

6

in GX 1007, the Defendant earned approximately $239,000.00 from Willsand.  *See* Exhibit A (GX 1007).

Defendant was an owner of JEM and Healthy Choice, and he received a four-level sentencing enhancement for being an organizer and leader of the scheme of which he was convicted.  *See* Revised Presentence Investigation Report ("Revised PSR") ¶¶ 10, 17, 24, 51, Apr. 12, 2016, ECF No. 134.

Therefore, based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $10,436,911.70 in U.S. currency, based on 90% of the total paid claims for JEM and Healthy Choice and an additional $239,000.00, representing the total salary and other compensation Defendant received from Willsand.  This sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of an amended forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has attempted to confer with defense counsel via e-mail on November 8, 2019 regarding the Defendant's position on the relief sought, but has not yet received a response.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  */s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089