UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-20736-CR-BLOOM

UNITED STATES OF AMERICA,

     *Plaintiff,*

vs.

KHALED ELBEBLAWY,

     *Defendant,*

_____/

### DEFENDANT'S RESPONSE TO
### UNITED STATES' MOTION FOR AMENDED FORFEITURE MONEY JUDGMENT

    THE DEFENDANT, KHALED ELBEBLAWY**,** responds to the United States' Motion For Amended Forfeiture Money Judgment and states:

    1.  The Defendant accepts the Government's Factual Background and Procedural History as a correct statement of the history of this litigation.

    2.  Additionally, the Defendant accepts only the accuracy of the mathematical calculation resulting in a total of $10,436,911.70, which it refers to as "gross proceeds traceable to the offense of conviction."  This restitution figure is predicated upon a combination of the total proceeds from the four conspiracies alleged in the two Counts.

### Double Jeopardy

    3.  The Defendant submits that it is improper to calculate restitution as a percentage of total loss attributable to four conspiracies contained in two separate counts where a conviction and sentence on Count 2 is barred by the Fifth Amendment double jeopardy provisions of the U.S. Constitution.

*USA v Elbeblawy*
*Case No. 15-20820-CR-BLOOM*

    4.  **<u>Count 1</u>** of the Superseding Indictment charges the Defendant, together with Eulises Escalona, Co-Conspirator A, Co-conspirator B, and others known and unknown to the Grand Jury conspired to Commit Health Care Fraud and Wire Fraud (18 U.SC. §1349).

    5.  **<u>Count 2</u>** of the Superseding Indictment charges the Defendant, together with Eulises Escalona, Co-Conspirator A, Co-conspirator B, and others known and unknown to the Grand Jury conspired to Defraud the United States and Pay Health Care Kickbacks.

    6.  The essential elements of each of these conspiracies are that the Defendant, together with the same co-conspirators, during the same time frame, utilized a practice of:

        a)  offering and paying kickbacks and bribes in return for referring Medicare beneficiaries to Willsand, JEM, and Healthy Choice;

        b)  submitting and causing the submission of false and fraudulent claims to Medicare; and

        c)  Concealing and causing the concealment of the submission of false and fraudulent claims to Medicare.

    7.  Count 2 alleges these allegations as the offense and then includes four over acts in support of those same allegations.  Count 1 is predicated upon the same conduct but adds violations of the Medicare regulations.  It must not be overlooked that those same overt acts were used as evidentiary support of the allegations contained in Count 1.

    8.  In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each

2

*USA v Elbeblawy*
*Case No. 15-20820-CR-BLOOM*

provision requires proof of an additional fact which the other does not".

9.  In the matter at bar, in order to prove Count 1, the prosecution was required, by the allegations contained in the Indictment, to prove the elements and conduct contained in Count 2. This is the classic definition of double jeopardy as discussed in *Blockburger*.

10.  The Defendant submits that it was error to convict and sentence him for both counts of conviction.  Moreover, because the same conduct, during the same time frame, between the same co-conspirators was combined to calculate the total loss upon which bases of restitution as a percentage of total loss was calculated it is by mere speculation that any accurate calculation can be made and attributed only to Count 1.

11.  As a result, the record is inadequate as to the loss attributable only to Count 1. Restitution has been calculated as:

> Willsand:  Salary and benefits to Defendant;
>
> JEM:   90% of total loss; and
>
> Healthy Choice:  90% of total loss

12.  With the sole exception of the Defendant's salary and compensation in the amount of $239,000.00 received from Willsand, no loss calculation has been made distinguishing between losses attributable to Count 1 and to Count 2.  The Defendant submits that a de novo restitution hearing is necessary in order to render an opinion regarding the restitution attributable only to Count 1.

*USA v Elbeblawy*
*Case No. 15-20820-CR-BLOOM*

### <u>Not to be Construed as Waiver</u>

13.   The Defendant has acknowledged that the Government's procedural history is accurate.   Further, the Defendant has acknowledged the accuracy of the Government's mathematical calculations, although he contests the underlying basis for those calculations.

14.   The Defendant maintains that the total loss of $40,445.507.65, as well as any calculations based up a percentage of losses which include losses attributable to JEM and Healthy Choice are infirm in that they include losses to JEM and Healthy Choice that are contained in Count 2.

15.   None of the concessions to mathematical accuracy should be construed as a waiver of any objections to loss amount or to the restitution amount in the basis.

16.   Moreover, the Defendant's arguments herein, limited in scope by the opinion of the Eleventh Circuit in this Case, should not be construed as a waiver of any issue previously raised on appeal or which might be raised regarding effective assistance of counsel.

17.   Although the undersigned has not conferred with government counsel it is anticipated that the government will oppose the relief sought herein.

WHEREFORE, predicated on the foregoing the Defendant requests that this Court set this matter for a de novo hearing on the issue of restitution.

Respectfully submitted,

*/s/ Jeffrey D. Weinkle*
JEFFREY D. WEINKLE, ESQ.
Florida Bar No:  271934

*USA v Elbeblawy*
*Case No. 15-20820-CR-BLOOM*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2020 I electronically filed the foregoing

document with the clerk of the court using CM/ECF.

*s/ Jeffrey D. Weinkle*
JEFFREY D. WEINKLE, ESQ.
Florida Bar No:  271934

Broward County
1209 SE 3rd Avenue
Fort Lauderdale, FL 33316

Miami-Dade County
25 SE 2nd Avenue
Suite 1105
Miami, FL 33131

Telephone:      (305) 373-4445
                        (954) 306-3032
Email:  jweinkle@earthlink.net
